Per Curiam.
It appears by the affidavits that Tatem, Sparks and Driver all hold under the same title, against the lessors of the plaintiff and that several actions of ejectment were pending against them, all founded upon one deed under which the plaintiff claims, and which these different defendants allege to be a forgery. Under these circumstances after the jury in the present case was struck, of whom Albertson was one, Driver, Tatem and Sparks, go together to the house of Albertson to inform him as Tatem swears, that he was on the jury. When they arrived there instead of merely giving the information which they had gone to communicate, they asked him about making a plough; and upon his inquiring where they had been, they told him to strike a jury, and Sparks told him he was one, adding Jacob I always “ thought you a whig, you will now have an opportunity to li show yourself.” Tatem more on his guard added “ I do not ££ care to say much, but it was a treacherous piece of busi- <£ ness:” alluding doubtless to the deed under which the Chews claimed. Driver himself said nothing upon the subject to Albertson, but he heard what was said, and made no attempt to interfere.
It is plain the design was to prejudice the juror against Chew’s deed; and though Driver himself said nothing, yet what was said must be considered as the act of all. They had no business to inform Albertson that he was on the jury? there is a proper officer for that; much less had they a right to express themselves as they did. It is wrong in all cases, and has a dangerous tendency for a party to speak to a juror upon the merits of his case. In Mc. Donald's case (e) wc quashed the array because he had told a person to request *168 the deputy sheriff to summon a jury from a particular quarter. We then declared our disapprobation of any interference, and our determination -o preserve the trial by^ury pure.
.Rule absolute.
Smith J. dissented.

 Ante. 6.